IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VINCENT M. LORUSSO<br>1418 Tanglewood Drive<br>Gwynedd, Pennsylvania 19454;<br><br>MONICA LORUSSO<br>1418 Tanglewood Drive<br>Gwynedd, Pennsylvania 19454;<br><br>CENLAR FSB<br>425 Philips Boulevard<br>Ewing, New Jersey 08618; and<br><br>PHILADELPHIA FEDERAL CREDIT UNION<br>1206 Chestnut Street<br>Philadelphia, Pennsylvania 19107,<br><br>    Defendants. | Case No. |

## COMPLAINT FOR FEDERAL TAXES

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of Treasury, and at the direction of the Attorney General, brings this civil action to collect the unpaid federal income tax liabilities owed by Vincent M. Lorusso, and to enforce the related federal tax liens that encumber the real property located at 1418 Tanglewood Drive in Gwynedd, Pennsylvania.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action based on 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. §§ 7402(a) and 7403.

2.    Venue is proper in this district under 28 U.S.C. § 1391(b) because Vincent M. Lorusso resides within the district, and the federal tax liabilities at issue in this action accrued in this district.

## PARTIES

3.    The plaintiff is the United States of America.

4.    Vincent M. Lorusso is a resident of Montgomery County, which is located within the jurisdiction of this Court.

5.    Monica Lorusso is named as a party under 26 U.S.C. § 7403(b) because she may claim an interest in the real property that is the subject of this action.

6.    Cenlar FSB is named as a party under 26 U.S.C. § 7403(b) because it may claim an interest in the real property that is the subject of this action.

7.    Philadelphia Federal Credit Union is named as a party under 26 U.S.C. § 7403(b) because it may claim an interest in the real property that is the subject of this action.

8.    The real property is located at 1418 Tanglewood Drive, Gwynedd, Pennsylvania, which is located within the jurisdiction of this Court.

## COUNT I – REDUCE FEDERAL INCOME TAX ASSESSMENTS TO JUDGMENT

9.    The United States incorporates by reference the allegations set forth in Paragraphs 1 through 8 above.

10.    In accordance with the federal income tax returns filed by Vincent M. Lorusso with the Internal Revenue Service, a delegate of the Secretary of Treasury of the United States

properly and timely made various assessments for unpaid federal income taxes against him on the dates and for the tax years set forth below:

| Type of Tax | Tax Period Ending | Date of Assessment | Amount of Assessment | Balance Due as of April 2, 2018 |
|---|---|---|---|---|
| Income (Form 1040) | December 31, 2003 | October 23, 2006 | $21,079.82 | $56,448.29 |
| Income (Form 1040) | December 31, 2004 | July 10, 2006 | $9,207.00 | $23,650.17 |
| Income (Form 1040) | December 31, 2005 | November 24, 2014 | $26,464.00 | $62,387.37 |
| Income (Form 1040) | December 31, 2006 | December 29, 2014 | $22,620.00 | $50,457.46 |
| Income (Form 1040) | December 31, 2007 | March 6, 2015 | $20,581.60 | $43,036.91 |
| Income (Form 1040) | December 31, 2008 | December 8, 2014 | $33,649.00 | $66,557.53 |
| Income (Form 1040) | December 31, 2009 | December 8, 2014 | $16,841.00 | $32,261.57 |
| Income (Form 1040) | December 31, 2010 | December 8, 2014 | $26,404.00 | $48,700.07 |
| Income (Form 1040) | December 31, 2011 | October 13, 2014 | $20,677.00 | $36,522.10 |
| Income (Form 1040) | December 31, 2012 | October 13, 2014 | $29,042.00 | $50,246.18 |
| Income (Form 1040) | December 31, 2013 | October 6, 2014 | $15,113.00 | $25,151.00 |
| Income (Form 1040) | December 31, 2014 | July 25, 2016 | $9,921.00 | $16,279.26 |
| | | | Total: | $511,697.91 |

11.     Notice and demand for payment of the tax assessments described above were given to Vincent M. Lorusso.

12.     Statutory additions for interest and penalties have been assessed and accrued and will continue to accrue on the unpaid balance of the tax assessments described in Paragraph 10 above until paid in full.

13. Despite notice and demand for payment, Vincent M. Lorusso has failed or refused to fully pay the tax assessments described in Paragraph 10.

14. By reason of the foregoing, Vincent M. Lorusso is indebted to the United States for federal income tax and statutory additions to tax in the amount of $511,697.91, as of April 2, 2108, plus statutory additions that will accrue after that date according to law.

## COUNT II – ENFORCE THE FEDERAL TAX LIENS

15. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 14 above.

16. Vincent M. Lorusso and his wife, Monica Lorusso, acquired title to the real property located at 1418 Tanglewood Drive in Gwynedd, Pennsylvania (the "Real Property"), on or about March 21, 1989, as tenants by the entireties. The Real Property is more particularly described in the Deed attached hereto as Exhibit A.

17. By reason of the assessments made against Vincent M. Lorusso for the unpaid federal income taxes and statutory additions to tax described in Paragraph 10 above, federal tax liens arose by operation of law under 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments, and attached to all property and rights to property owned or thereafter acquired by Vincent M Lorusso, including, but not limited to, his interest in the Real Property.

18. Notices of federal tax lien for assessments described in Paragraph 10 were filed with the Montgomery County Prothonotary on or about July 30, 2014, for the 2003 taxable year; March 21, 2017, for the 2004 taxable year; February 3, 2015, for the 2006 taxable year; April 28, 2015, for the 2007 taxable year; January 21, 2015, for the 2005, 2008, 2009, and 2010 taxable years; December 1, 2014, for the 2011 and 2012 taxable years; November 10, 2014, for the 2013 taxable year; and August 22, 2016 for the 2014 taxable year.

4

19. The United States is the holder of valid and subsisting tax liens that encumber the interest of Vincent M. Lorusso in the Real Property.

20. Under 26 U.S.C. § 7403, the United States is entitled to enforce its tax liens against the real property; to have the entire property sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties; and to have the proceeds distributed, after the payment of the cost of sale and any real estate taxes due and owing, among the parties in accordance with their respective priorities.

WHEREFORE, the United States of America, respectfully requests that this Court:

A. Render judgment in favor of the United States and against Vincent M. Lorusso with respect to the unpaid federal income tax liabilities for the 2003 through 2014 taxable years in the amount of $511,697.91 as of April 2, 2018, together with all interest and penalties that will continue to accrue thereafter according to law;

B. Order, adjudge, and decree that the United States has valid and subsisting tax liens against all property and rights to property of Vincent M. Lorusso, including, but not limited to, his interest in the Real Property;

C. Order, adjudge, and decree that the federal tax liens attaching to the Real Property be foreclosed and that it be sold at a judicial sale according to law, free and clear of any right, title, lien, claim, or interest of any of the defendants herein;

D. Order that the net proceeds, after payment of the costs of sale and local property taxes, be distributed to the United States and the other parties in accordance with the respective priority of their liens and interests; and

E.  Grant the United States of America such other relief as it deems just and proper under the circumstances.

Date: April 5, 2018

                                           RICHARD E. ZUCKERMAN
                                           Principal Deputy Assistant Attorney General

*Catriona Coppler*
CATRIONA M. COPPLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-514-5153 (v)
202-514-6866 (f)
Catriona.M.Coppler@usdoj.gov

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Vincent M. Lorusso, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Catriona Coppler, U.S. Department of Justice, Tax Division, P.O. Box 227, Washington, DC 20044, (202) 514-5153

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. Section 7402(a) and 7403

Brief description of cause:
Suit to reduce federal tax assessments to judgment and foreclose real property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**   511,697.91

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  04/05/2018
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| United States of America | : | CIVIL ACTION |
| v. | : | |
| Vincent M. Lorusso, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| April 5, 2018 | Catriona Coppler | United States of America |
|---|---|---|
| **Date** | Attorney-at-law | **Attorney for** |
| (202) 514-5153 | (202) 514-6866 | Catriona.M.Coppler@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: P.O. Box 227, Ben Franklin Station, Washington, DC 20044

Address of Defendant: Vincent M. Lorusso Sr.& Monica Lorusso: 1418 Tanglewood Dr., Gwynedd, PA 19454; Cenlar FSB: 425 Philips Blvd., Ewing, NJ 08618; Philadelphia Federal Credit Union: 1206 Chestnut St., Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Gwynedd, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Taxes

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, Catriona M. Coppler, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: April 5, 2018    _____Attorney-at-Law_____    DC 241446
                                                          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: April 5, 2018    _____Attorney-at-Law_____    DC 241446
                                                          Attorney I.D.#

CIV. 609 (5/2012)